[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a prejudgment remedy hearing, the court finds that there is probable cause that a judgment will be rendered in this matter in favor of the plaintiff, taking into account the defenses and alleged setoff of the defendant. However, the court finds probable cause that the amount of the judgment will be $12,250, which is less than the amount sought, $30,000.
On August 31, 1993 the plaintiff and the defendant doing business as "The Entrepreneur's Choice" ("TES") entered into a sales consultant agreement (the "Agreement"). TES was in the business of marketing franchises and distributorships and under the Agreement, the plaintiff agreed to solicit customers to purchase the franchises and distributorships. The Agreement provided that the plaintiff would be compensated by a "base sales commission on all cashier's checks and/or funds . . . resulting from a completed sale of a franchise or distributorship" for which the plaintiff was the procuring CT Page 6130 cause. The amount of the commission was to be determined by a schedule attached to the Agreement. The schedule provided for a 50-50 division of the placement fees or commissions paid to TES.
The plaintiff began his work for the defendant in September, 1993. By the fall of 1994, he had procured three sales, for which he was partially paid. The plaintiff claims that he is entitled to $1,750 in additional commissions for these three sales. The court finds probable cause that judgment will be rendered for the plaintiff for $1,750 in additional commissions.
The defendant testified that he calculated the commissions due the plaintiff by first subtracting certain costs from the gross amount received by TES. After these deductions, he then divided the fee 50-50 between TES and the plaintiff. Although the defendant testified that his method was consistent with the standard in the industry, the court did not find his testimony credible. Moreover, there is no provision in the Agreement which permits the defendant to subtract any expenses from the sums received before dividing the same on a 50-50 basis. There is probable cause that the defendant breached the Agreement by failure to pay the plaintiff the full commissions to which he was entitled.
The plaintiff also claims two additional types of damages. First, he seeks the return of the balance of a $15,000 "refundable security deposit" paid by the plaintiff to the defendant. The deposit was to be refunded to the plaintiff at the rate of $500 per "placement," defined as "the process of client and franchisor entering into an agreement for which T.E.S. is paid a commission." The balance of the deposit is now $10,500 and the plaintiff no longer works for the defendant. There is probable cause that judgment will be rendered for the plaintiff for $10,500, the return of his refundable security deposit.
The plaintiff also seeks to recover his out of pocket expenses incurred in connection with his work under the Agreement. The court does not find probable cause that judgment will be rendered for the plaintiff for these expenses, which total $30,500. The plaintiff failed to show how these expenses were incurred as a consequence of the defendant's breach of the Agreement. The expenses, which include advertising, travel and CT Page 6131 other items, were incurred throughout the calendar year 1994. These expenses would have been incurred whether or not the defendant paid the plaintiff the additional $1,750 in commissions due under the Agreement. Therefore, there is no probable cause with respect to these expenses.
The defendant represented himself pro se at the hearing and at one point seemed to claim a setoff of $10,000 on the basis that the plaintiff owed the defendant an additional $10,000 for the refundable security deposit. It is true that the Agreement called for an additional $10,000 to be paid by the plaintiff, but even if that payment had been made, the money was to be refunded to the plaintiff in any event. Therefore, there is no probable cause with respect to the claim of setoff.
The court finds probable cause that judgment will be rendered in favor of the plaintiff in the amount of $12,250, not $30,000 as sought in the application. If the plaintiff wishes to submit a new prejudgment remedy order in the amount of $12,250, the court will sign the same.
VERTEFEUILLE, J.